803 F.2d 721
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
WILLIAM RUSSELL, Petitioner
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 85-3768.
 United States Court of Appeals, Sixth Circuit.
 Sept. 19, 1986.
 
 BEFORE: KEITH and GUY, Circuit Judges; and BALLANTINE,* District Judge.
 PER CURIAM.
 
 
 1
 Petitioner William Russell appeals from an order of the Immigration and Naturalization Service (INS) denying his request for suspension of deportation. Petitioner's application for suspension of deportation was denied pursuant to Sec. 244(a)(1) of the Immigration and Nationality Act, because the "continuous physical presence" requirement under the Act was interrupted by a 17-day excursion abroad. The issue presented is whether we should adhere to the Supreme Court's decision in INS v. Phinpathya, 464 U.S. 183 (1984) which strictly interprets "continuous presence" to mean just what it says: continuous presence. We affirm. Petitioner's argument that the Supreme Court "erred" in Phinpathya, and that we are therefore not bound by it, is frivolous.
 
 
 2
 Petitioner is divorced and a 42 year-old native and citizen of the United Kingdom. He last entered the United States on September 10, 1979, as a visitor, authorized to remain until September 17, 1979. Petitioner was granted an extension of his visitor's visa until March 5, 1980, but failed to depart as required.
 
 
 3
 On February 22, 1983, the INS issued an order to show cause against petitioner, charging him with entering the United States without inspection by an INS official. Petitioner appeared with counsel at a deportation hearing on March 29, 1983. At that time, the INS formally withdrew the charge of entry without inspection and lodged an amended charge of remaining in the United States for longer than permitted. Petitioner conceded that he was deportable as charged. The hearing was adjourned to permit petitioner to make application for suspension of deportation.
 
 
 4
 At petitioner's reconvened hearing on July 3, 1984, only his application for suspension of deportation remained in issue. The immigration judge denied petitioner's request based on INS v. Phinpathya, 464 U.S. 183 (1984) which construed a "plain meaning" interpretation to the phrase "continuous presence". We hold that petitioner's August 1979 departure to England violated the "continuous presence" requirement under the Act.
 
 
 5
 Affirmed.
 
 
 
 *
 Honorable Thomas A. Ballantine, Jr., United States District Court for the Western District of Kentucky, sitting by designation